IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DARRELL EDWARD SANDERS,            *
                                   *
            Petitioner,            *
                                   *
v.                                 *
                                   *       No. 5:19-cv-00324-JJV
DEXTER PAYNE, Director,            *
Arkansas Division of Correction,   *
                                   *
            Respondent.            *

**MEMORANDUM AND ORDER**

## I.      BACKGROUND

Petitioner Darrell Edward Sanders, an inmate at the Cummins Unit of the Arkansas Division of Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.   (Doc. No. 1.)   Mr. Sanders was charged by amended information with two counts of rape, both occurring between January and April of 2014.   (Doc. No. 8-2.)   One count alleged he engaged in sexual intercourse or deviate sexual activity with the victim, S.J., by forcible compulsion in violation of Arkansas Code Annotated § 5-14-103(a)(1), and the other alleged he engaged in sexual intercourse or deviate sexual activity with S.J., a minor, while he was her guardian, in violation of § 5-14-103(a)(4)(A)(i).   (*Id*.)   A jury in Hot Spring County convicted Mr. Sanders on both counts on August 25, 2016, and sentenced him to a total of forty-two years' imprisonment.   *Sanders v. State*, 2017 Ark. App. 567, at 1, 533 S.W.3d 130, 131.

On direct appeal, Mr. Sanders challenged the sufficiency of the evidence supporting the second count, asserting there was no evidence presented at trial that he was S.J.'s guardian.   *Id*. He also argued his adult daughters' testimony that he had sexually abused them both when they were approximately S.J.'s age had been improperly admitted under Arkansas Rule of Evidence

404(b).  *Id.*  The Arkansas Court of Appeals affirmed, holding the sufficiency challenge was barred on appeal due to Mr. Sanders's failure to move for a directed verdict at the close of the prosecution's case and at the close of all the evidence as required by Arkansas Rule of Criminal Procedure 33.1.  *Id.* at 2, 533 S.W.3d at 131.  The court further held the Rule 404(b) evidence was properly admitted pursuant to the pedophile exception.  *Id.* at 3-4, 533 S.W.3d at 132.

Mr. Sanders subsequently filed a petition for post-conviction relief in accordance with Arkansas Rule of Criminal Procedure 37.1.  (Doc. No. 8-7.)  He alleged his trial counsel was ineffective for failing to make a directed-verdict motion, failing to object at trial to his daughters' testimony, failing to object to an alleged double-jeopardy violation, failing to object to the admission of his entire recorded interview, and failing to subject the State's case to "adversarial testing."  (*Id.* at 4-8.)  The trial court denied the petition after a hearing.  (Doc. No. 8-8.)  With respect to the allegation of ineffectiveness for failing to move for directed verdict, the trial court found "there was substantial evidence presented during the trial of this matter that would justify the charges"; accordingly, a motion would have been without merit.  (*Id.* at 4-5.)

On appeal from the denial of Rule 37 relief, Mr. Sanders argued only that the trial court erred in not granting relief based on trial counsel's failure to move for directed verdict on the forcible-compulsion count.  (Doc. No. 8-9 at 11.)  He maintained there was no evidence of forcible compulsion presented at trial.  (*Id.* at 13-14.)  The Arkansas Court of Appeals rejected this argument, holding Mr. Sanders's ineffective-assistance-of-counsel claim failed under *Strickland v. Washington*, 466 U.S. 668 (1984), because there was substantial evidence supporting the forcible-compulsion charge.  *Sanders v. State*, 2018 Ark. App. 604, at 3-4, 567 S.W.3d 76, 79-80.  Specifically, "[e]vidence presented at trial established, among other things, that Sanders trapped the minor victim in his van, which was parked behind a local Walmart.  While parked

2

behind the Walmart, Sanders vaginally and anally raped the victim." *Id*. at 4, 567 S.W.3d at 79-80. Further, "the act of confining the victim in a van at a place where the van cannot be seen for the purpose of raping her is 'restraint' such that it qualifies as physical force under the statute." *Id*. at 4, 567 S.W.3d at 80. The court noted the failure to make a meritless argument is not ineffective assistance of counsel. *Id*. (citing *Chunestudy v. State*, 2014 Ark. 345, at 4, 438 S.W.3d 923, 927-28). Mr. Sanders petitioned for review in the Arkansas Supreme Court, which was denied. (Doc. No. 8-13.)

Based on this court's reading of his Petition for Writ of Habeas Corpus, Mr. Sanders cites five grounds for relief: (1) insufficiency of the evidence on both counts of rape; (2) ineffective assistance of counsel based on the failure to request a directed verdict; (3) ineffective assistance based on counsel's "negligently" declaring ready for trial when she had just requested a continuance; (4) ineffective assistance based on counsel's advice that Mr. Sanders could receive probation, which caused him not to entertain a negotiated plea; and (5) ineffective assistance based on the failure to call witnesses who would testify the audio recording of Mr. Sanders's statement had been altered. (Doc. No. 1 at 2-7.) After careful consideration of the Petition and Response (Doc. No. 8), I find Mr. Sanders is not entitled to relief. The Petition is dismissed with prejudice.

## II.   ANALYSIS

### A.   Procedural Default

Respondent contends most of Mr. Sanders's claims are procedurally defaulted. (Doc. No. 8 at 7.) Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts and exhaust all available state remedies. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas

corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State")).   The fair-presentment requirement exists so that the respective state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) ("We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'"); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981).   In order to fairly present a federal claim to the state courts, the petitioner must have referred to "'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts."  *Murphy*, 652 F.3d at 849.

When a state inmate fails to comply with the fair-presentment requirement, his or her claim will be procedurally defaulted.  *Id*.   Moreover, if it would be futile for a petitioner to return to the state courts to present his or her claim, "the exhaustion requirement in § 2254(b) is satisfied, but th[is] failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim.'"  *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). When a state prisoner has defaulted his or her federal claims in state court, federal habeas review of the claims is barred unless the prisoner can demonstrate:  (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice," that is, a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent.  *Coleman*

4

*v. Thompson*, 501 U.S. 722, 750 (1991).

Three of Mr. Sanders's five habeas claims were never presented in state court at all:   that his trial counsel was ineffective for negligently announcing she was ready for trial (claim 3), for advising that probation was a possible sentence (claim 4), and for failing to call witnesses to testify the audio recording of his statement was altered (claim 5).   Those claims are procedurally defaulted.   His claim regarding the sufficiency of the evidence (claim 1) is also procedurally defaulted.   Mr Sanders did not present a claim challenging the sufficiency of the evidence on the forcible-compulsion rape conviction.   His claim challenging the sufficiency of the evidence on the guardian rape conviction was barred on direct appeal due to his failure to make a directed-verdict motion.   *Sanders*, 2017 Ark. App. 567, at 2, 533 S.W.3d at 131.   An error that bars a claim on direct appeal in state court bars federal habeas review as well because there is an adequate and independent state-law ground for the conviction and sentence.   *Coleman*, 501 U.S. at 747.

As for Mr. Sanders's claim alleging ineffective assistance of counsel based on the failure to move for directed verdict (claim 2), it is partially defaulted.   Mr. Sanders presented the entirety of the claim in his Rule 37 petition, but the only claim he raised in the Rule 37 appeal was that trial counsel was ineffective for failing to request a directed verdict on the forcible-compulsion count.   (Doc. No. 8-9 at 11-15.)   In order to exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."   *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Accordingly, Mr. Sanders's claim that his trial counsel was ineffective for failing to request a directed verdict on the guardian rape charge is procedurally defaulted.   His claim of ineffectiveness for failing to request a directed verdict on the forcible-compulsion rape charge may be addressed on the merits.

Mr. Sanders does not cite any basis for excusing the procedural default of his claims. Liberally construed, his Petition may be read as asserting a conclusory claim of actual innocence. (Doc. No. 1 at 7.)   "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).   This rule, known as the fundamental miscarriage of justice exception, "is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.* (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).   But the United States Supreme Court has characterized tenable actual-innocence gateway pleas as "rare." *Id.* at 386.   A petitioner who raises a gateway claim of actual innocence must establish (1) new and reliable evidence that was not presented at trial, and (2) in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him.   *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997).   Evidence is "new" if it was not available at the time of trial through the exercise of due diligence.   *Nooner v. Hobbs,* 689 F.3d 921, 934 (8th Cir. 2012).   Additionally, to establish a claim of actual innocence, the petitioner must show factual innocence, not simply legal insufficiency of the evidence to support a conviction.   *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001).   Mr. Sanders does not begin to cross the very high threshold of an actual-innocence gateway claim, as he does not point to any new evidence.

Nor is the procedural default of his claims excused under *Martinez v. Ryan*, 566 U.S. 1 (2012).   In *Martinez*, the United States Supreme Court modified the general rule that an attorney's errors in a post-conviction proceeding do not qualify as cause for a default:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances.   The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim

6

of ineffective assistance at trial.  The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id*. at 14.  In *Trevino v. Thaler*, 569 U.S. 413, 429 (2013), the Court expanded the holding in *Martinez* to cases in which the state procedures, by reason of their design and operation, make it "highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal."  And in *Sasser v. Hobbs*, 735 F.3d 833, 852-53 (8th Cir. 2013), the Eighth Circuit held the *Trevino* analysis applies – and *Martinez* is therefore applicable – in Arkansas cases because Arkansas does not generally afford defendants meaningful review of ineffective-assistance-of-trial-counsel claims on direct appeal.

The *Martinez* exception is not helpful to Mr. Sanders for several reasons.  First, it applies only to claims of ineffective assistance of counsel, so it cannot establish cause for the default of his claim regarding the sufficiency of the evidence (claim 1).  *Martinez*, 566 U.S. at 9 ("Inadequate assistance of counsel in initial-review collateral proceedings may establish cause for a prisoner's procedural default *of a claim of ineffective assistance at trial*.") (emphasis added). Second, "*Martinez* expressly does not excuse a procedural default that occurs in the appeal of a collateral state court proceeding."  *Franklin v. Hawley*, 879 F.3d 307, 309 (8th Cir. 2018). Therefore, it cannot establish cause for the default of Mr. Sanders's ineffective-assistance claim concerning the failure to move for directed verdict on the guardian rape charge (part of claim 2), which he presented in his Rule 37 petition but abandoned on appeal.

Finally, Mr. Sanders cannot overcome his procedural default pursuant to *Martinez* because he cannot demonstrate his underlying claims are substantial.  Under *Strickland*, 466 U.S. at 687,

a claim of ineffective assistance of counsel has two components:   (1) that counsel's performance was deficient, resulting in errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) that the deficient performance prejudiced the defense, depriving the defendant of a fair trial.   The deficient-performance component requires that a defendant show counsel's representation fell below an objective standard of reasonableness. *Id*. at 687-88.   The prejudice component requires that a defendant establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   *Id*. at 694.   A reasonable probability is a probability sufficient to undermine confidence in the outcome.   *Id*.   Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable.   *Id*. at 687.

Mr. Sanders does not meet his burden under *Strickland* on any of his remaining claims. With respect to his claim that his trial counsel was ineffective for announcing she was ready for trial when she had just requested a continuance (claim 3), Mr. Sanders offers no factual support whatsoever.   He does not explain why a continuance was necessary or what his attorney could have accomplished with additional time.   Consequently, he has failed to demonstrate a reasonable probability that the result of the proceeding would have been different.   Mr. Sanders's claim alleging his attorney was deficient for advising that probation was a possible sentence (claim 4) is not supported by the record.   Mr. Sanders claims this advice caused him to "move forward to trial by jury and not discuss a negotiated plea offer."   (Doc. No. 1 at 6.)   But as Respondent points out, Mr. Sanders did discuss a negotiated plea offer, and those negotiations were summarized on the record.   (Doc. No. 8-15.)   Lastly, Mr. Sanders's claim that his attorney should have called witnesses to demonstrate his statement had been altered (claim 5) is too vague to meet the

*Strickland* standard.   He does not explain who these witnesses are and what their testimony would have been.   Accordingly, he has not established a reasonable probability that the result of the proceeding would have been different had they testified.

For all these reasons, Mr. Sanders has not demonstrated an excuse for the procedural default of claims 1, 3, 4, and 5 and the partial default of claim 2.   Federal habeas review of those claims is barred.

### B.     Merits

The one partial claim that is not procedurally defaulted – ineffective assistance of counsel for failing to request a directed verdict on the forcible-compulsion rape count – fails on the merits. As previously noted, the Arkansas Court of Appeals addressed this claim on appeal from the denial of Rule 37 relief.   *Sanders*, 2018 Ark. App. 604, at 3-5, 567 S.W.3d at 79-80.   Under the Antiterrorism and Effective Death Penalty Act of 1996, and in the interests of finality and federalism, federal habeas courts are restricted to a "limited and deferential review of underlying state court decisions."   *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).   Federal courts may not grant habeas relief on a claim that was adjudicated on the merits in state court unless the adjudication of the claim

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005).   Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrives "at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially

indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007).   A state court decision involves an "unreasonable application" of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.   Under subsection (d)(2), a state court decision is based on an "unreasonable determination of the facts" "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003); *see also* 28 U.S.C. § 2254(e)(1) (a state court's factual finding shall be presumed to be correct, and the applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence).

Mr. Sanders cannot show the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, nor can he show it was based on an unreasonable determination of the facts.   The Arkansas Court of Appeals correctly set out the *Strickland* standard for claims of ineffective assistance of counsel and held Mr. Sanders could not meet it because the motion he claimed his counsel should have made would have been meritless. *Sanders*, 2018 Ark. App. 604, at 4-5, 567 S.W.3d at 80.   More specifically, substantial evidence was presented to establish that Mr. Sanders committed rape by forcible compulsion.   *Id.*

Arkansas law defines "forcible compulsion" as "physical force or a threat, express or implied, of death or physical injury to or kidnapping of any person."   Ark. Code Ann. § 5-14-101(2).   Moreover, the Arkansas Supreme Court has further defined "physical force" as "any bodily impact, restraint or confinement, or the threat thereof."   *Freeman v. State*, 331 Ark. 130, 132, 959 S.W.2d 400, 401 (1998) (quoting *Strawhacker v. State*, 304 Ark. 726, 731, 804 S.W.2d 720, 723 (1991)).   The test that Arkansas courts use to determine whether there was force is

"whether the act was against the will of the party upon whom the act was committed."   *Id*. at 132-33, 959 S.W.2d at 401 (quoting *Mosley v. State*, 323 Ark. 244, 249, 914 S.W.2d 731, 734 (1996)). As the Arkansas Court of Appeals stated, there was ample evidence presented at the trial of this matter that Mr. Sanders restrained S.J.   Specifically, she testified that he confined her in his van and parked it behind a store, where it could not be seen.   (Doc. No. 1 at 141-46.)   Accordingly, a motion for directed verdict on the basis of an absence of evidence of forcible compulsion would have been without merit.   The state court's holding that Mr. Sanders could not demonstrate deficient performance is wholly consistent with federal law.   *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam) (counsel's failure to advance a meritless argument cannot constitute ineffective assistance).

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Sanders has made a substantial showing of the denial of a constitutional right.   Accordingly, no certificate of appealability will issue.

## IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.     Mr. Sanders's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED with prejudice.

2.     A certificate of appealability will not be issued.

DATED this 14th day of April 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE